DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOHNNY GARRETT; | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 16-33 |
| | ) |
| STATE OF ILLINOIS, et. al.; | ) |
| | ) |
| Defendants. | ) |
| | ) |

**APPEARANCES:**

**Johnny Garrett**
  *Pro se.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court dismiss the complaint in this matter.

### I.   FACTUAL AND PROCEDURAL HISTORY

On April 7, 2016, Johnny Garrett ("Garrett") filed a complaint against the State of Illinois, the People of the State of Illinois, and numerous state and federal government entities. The Magistrate Judge subsequently issued two orders indicating that Garrett's claims were unclear and instructing the Clerk's Office to send Garrett various forms.

Garrett subsequently filed motions to proceed *in forma pauperis*. ECF Nos. 6, 12. Garrett also filed seven documents,

six of which were titled "Bank of America Power of Attorney and Management," ECF Nos. 7-11, 13, and one of which is not clearly titled, ECF No. 14. On May 4, 2018, the Magistrate Judge issued a report and recommendation in which she granted Garrett's motion to proceed *in forma pauperis* and recommends that the Court dismiss this action. Garrett did not file any objections to the report and recommendation.

## II. DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While ... [28 U.S.C. § 636(b)(1) ] may not require, in the absence of objections, the

district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed.Appx. 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

### III. ANALYSIS

As a preliminary matter, the Court will address the Magistrate Judge's authority to issue a report and recommendation in this matter. The statute delineating the authority of United States magistrate judges provides that:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where

> it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(footnote omitted).

Significantly, at the time that the Magistrate Judge issued her report and recommendation, the Court had not designated the Magistrate Judge to consider whether the complaint in this matter should be dismissed.[1] *See* LRCi 72.1 (providing only that "[t]he Magistrate Judges are hereby designated to *hear and determine* in all civil causes *any pretrial matter* permitted by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72" (emphasis added)). Nevertheless, the Court will refer the complaint in this matter to Magistrate Judge Ruth Miller for a report and recommendation, *nunc pro tunc* to May 4, 2018. Moreover, despite the absence of any objections to the report

---

[1] On July 18, 2018, the Court issued a standing order authorizing magistrate judges in matters assigned to the undersigned to review certain complaints filed by prisoners and civil cases filed by *pro se* litigants and, where appropriate, recommend the dismissal of those casea. *See* Misc. No. 2018-16, ECF No. 1.

and recommendation, the Court will review the Magistrate's report and recommendation *de novo*.

Turning to the merits, the Magistrate recommends that the Court dismiss this matter for two reasons. First, the Magistrate recommends that the Court dismiss the complaint as frivolous. Specifically, the Magistrate indicates that:

> In this matter, the Court cannot discern the type of claim Garrett is alleging, let alone the facts that support his claim. In one filing, Garrett refers to being "subjected to extreme heat or cold" and that certain conduct "violates the Eighth Amendment." *See* [ECF 14] at 3. Elsewhere, Garrett mentions a "Motion under 28 U.S.C. 2255 to Vacate, Set Aside or Correct In State Custody." *See* [ECF 6-2] (Summons in a Civil Action). Further, the Court notes that it twice provided Garrett with copies of relevant Court forms, giving him ample opportunity to clarify the nature of his claim. In addition, the Court twice warned petitioner that his case could be dismissed without further notice if he failed to provide such clarification. Nevertheless, Garrett's filings continue to consist of a jumble of incoherent and unconnected statements. Therefore, the Court deems Garrett's filing as frivolous and recommends that his claims be dismissed.

ECF No. 15, at 3-4.

Second, the Magistrate Judge recommends that the Court dismiss the complaint on the basis of improper venue. Specifically, the Magistrate indicates that:

> Here, Garrett variously names the following defendants: "State of Illinois-Attorney General," "People of the State of Illinois," and "Warden-Sherriff-Judge-State Attorney-Cook County." *See,*

> *e.g.*, [ECFs 6-2, 12]. None of these prospective defendants appears to be a resident of the U.S. Virgin Islands. In addition, although Garrett's allegations are less . . . [than] clear, there is no indication in his various filings that any of the events, let alone a substantial part of the events or omissions giving rise to his claims, occurred in the U.S. Virgin Islands. Finally, Garrett has provided the Court no reason to believe that any of the proposed defendants is subject to this Court's personal jurisdiction.

*Id.* at 4-5.

After examining the complaint and the other documents filed by Garrett, it is readily apparent that--for the same reasons that the Magistrate Judge categorized Garrett's claims as frivolous--those documents do not state a claim. As such, the Court will dismiss this action for failure to state a claim.[2]

Where a claim is subject to dismissal in a civil rights matter, district courts generally must provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny,* 515 F.3d 224, 245 (3d Cir.2008). In his untitled document, Garrett has included a grievance form which appears to indicate that he has been subjected to extreme heat and cold, and other conditions upon which he could assert a claim if his claims were asserted with the requisite specificity. *See* ECF No. 14, at 3. As such, the

---

[2] Because the Court finds that the complaint fails to state a claim, it is unnecessary for the Court to consider whether the complaint should be dismissed as frivolous or for improper venue.

Court will grant Garrett leave to file an amended complaint. In any amended complaint, Garret should precisely describe: (1) the type of action that he has filed and the claims that he seeks to assert; (2) the relief that he seeks; and (3) the specific actions taken by the defendants that entitle him to the relief he seeks.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation is **ADOPTED in part**; it is further

**ORDERED** that the complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that by no later than 3:00 P.M. on August 30, 2018, Garrett may file an amended complaint in this matter. Failure to do so may result in the dismissal of this action with prejudice.

S\_____
**CURTIS V. GÓMEZ**
**District Judge**